PER CURIAM.
We here consider a petition for writ of prohibition[1] on relation of William H. Roundtree, a citizen and attorney (officer of the court) residing and engaging in the practice of law in the Eighteenth Judicial Circuit of Florida. After hearing oral argument on questions concerning the propriety of Relator’s standing to seek prohibition in this cause and concerning the merits thereof, we deem it timely and appropriate that an early decision be rendered herein on the merits.
The question presented by the petition for the writ of prohibition is whether the Honorable Clarence T. Johnson, Jr. was legally appointed on January 4, 1971 by the Governor of Florida as one of the Circuit Judges of the Eighteenth Judicial Circuit. Relator contends that Clarence T. Johnson, Jr. was not legally appointed pursuant to a special census taken by the Governor’s special judicial census commission created in 1970 under F.S. section 26.011, F.S.A. This special census ascertained the population in the two counties of the circuit (Brevard and Seminole) to be 326,750 inhabitants as of July 1, 1969, and was officially proclaimed to be such by the Governor on November 2, 1970. The 1970 Federal decennial census reflected the population of the Eighteenth Judicial Circuit to be only 313,698. On December 30, 1970 that portion of the 1970 Federal decennial census relating to Florida was certified to the Governor of Florida by the Director of the Federal Census Bureau.
Under the special census reflecting 326,-750 inhabitants, the Circuit was entitled to an additional circuit judge, its seventh. At the time of Clarence T. Johnson, Jr.’s purported appointment, the circuit had six incumbent circuit judges under prior census population figures, which were within the range of 300,000 persons. Population of 26,750 persons in excess of 300,000 persons entitled the circuit to an additional seventh judge pursuant to Section 6(2), Article V, State Constitution, which provides in part:
“The legislature shall provide for one circuit judge in each circuit for each fifty thousand inhabitants or major fraction thereof according to the last census authorized by law. * * * ” (Emphasis supplied.)
However, under the 1970 Federal decennial census the number of persons in the circuit over 300,000 was only 13,698. Therefore, under that census there was not a major fraction of 50,000 inhabitants.
Relator contends that inasmuch as the Governor did not purport to appoint Clarence T. Johnson, Jr. Circuit Judge under the special census until January 4, 1971 after the 1970 Federal decennial census population figures had been officially certified on December 30, 1970 by the Director of the Federal Census Bureau, the appointment attempted was a nullity because the special census was not “the last census authorized by law” and was superseded by the Federal census.
In support of his contention Relator relies upon State ex rel. Pettigrew v. Kirk, Fla.1970, 243 So.2d 147, which, following Gray v. Bryant, Fla.1960, 125 So.2d 846, held that the Governor in office upon official certification of the Federal decennial census could immediately thereafter make appointments under such census as the last census authorized by law of additional circuit judges pursuant to Section 6(2) of Article V, State Constitution. The Court in Pettigrew pointed out Section 8 of Article X, State Constitution, provides in part:
“(a) Each decennial census of the state taken by the United States shall be an official census of the state.”
*56 Relator agrees that prior to December 30, 1970, the date the 1970 Federal decennial census population figures for Florida were certified, the Governor could have appointed Clarence T. Johnson, Jr. a circuit judge in the Eighteenth Judicial Circuit pursuant to the special census but not thereafter.
Turning now to a consideration of the questions presented, we have no difficulty in reaching the conclusion Relator has standing to seek a writ of prohibition to restrain illegal judicial authority from being exercised. Compare State ex rel. Pettigrew v. Kirk, supra, at page 150.
Insofar as the validity of Judge Johnson’s appointment is concerned, it is our opinion the authority to appoint under the special census did not expire as of December 30, 1970, the date of certification of the 1970 Federal decennial census, precluding his appointment thereafter on January 4, 1971. The special census subsisted as official provision or authority for the appointment of an additional circuit judge for the Eighteenth Judicial Circuit until exercised, unaffected by the subsequent 1970 Federal decennial census.
Had an appointment been made under the special census prior to December 30, 1970, the date of certification of the Federal census, no question as to the validity of the appointment on the ground of super-session could be raised. Merely because the appointment was delayed until after December 30, 1970 does not invalidate it. Authority for the appointment having been duly consummated, it stood unabated and subject to fulfillment at any time thereafter, there being no method provided in the Constitution for its withdrawal.
It is to be recalled Section 6(2), Article V of the State Constitution reads: “ * * * the legislature shall provide one circuit judge in each circuit for each fifty thousand inhabitants or major fraction thereof according to the last census authorized by law.”
There is, however, no provision in the Constitution for the reduction of circuit judges or for the withdrawal of authority for the appointment of additional circuit judges once provision is made therefor by any “last census authorized by law.”
We note analogously that Section 6(1) of Article V, State Constitution, provides:
“ * * * provided, however, there shall be no reduction in the number of circuit judges residing in any county formerly a part of a judicial circuit, which circuit is hereafter created, divided, changed or revised.”
It may be appropriate that an amendment of the Constitution provide a method for reduction of the number of circuit judges in judicial circuits with reduced populations, but at present there is no constitutional method for the reduction of the number of circuit judges in circuits of reduced population or for coping with the instant dilemma, i. e., the withdrawal of consummated authority for the appointment of an additional circuit judge in a circuit where the population reduces below the constitutional limit for the appointment before it is made.
In accordance with the views herein expressed, the “petition for writ of quo war-ranto” or “for writ of mandamus” or “for writ of prohibition” is denied and the cause dismissed.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.
ERVIN, J., concurs in conclusion with opinion.
DEKLE, J., concurs in conclusion and agrees with ERVIN, J.

. A writ of prohibition is appropriate because involved in this proceeding is the power of the respondent to exercise the jurisdiction incumbent upon the Circuit Court which includes the power to pass upon matters directly appealable to this Court as a matter of right. Article V, Section 4(2) Fla.Const., F.S.A.